## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

MELVIN JOHNSON, JR.  
ADC #112882                                                                                              PLAINTIFF

v.                                            3:14CV00300-DPM-JJV

LUTHER WHITFIELD, Lieutenant,  
Mississippi County Detention Center; *et al.*                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Defendants have filed a Motion to Dismiss (Doc. No. 30) arguing that Plaintiff's Amended Complaint (Doc. No. 13) must be read to state only official capacity claims against Luther Whitfield and Octavious Bailey. Such claims would proceed only against Mississippi County itself and, because Plaintiff has not implicated any county policy or custom in the alleged violation of his rights, dismissal would be appropriate. Plaintiff has not responded to this Motion and the deadline for doing so has passed.

The initial Complaint in this action indicated an intent to pursue only official capacity claims against all named Defendants. (Doc. No. 2 at 2.) On December 23, 2014, I recommended that this action be dismissed for failure to state a claim upon which relief could be granted. (Doc. No. 4.) My rationale for dismissing the claims against Defendants Whitfield and Bailey, however, was not based on Plaintiff's decision to sue them only in their official capacities. (*Id*. at 3-4.) After the recommendation was filed, Plaintiff moved to amend his Complaint. (Doc. No. 11.) Plaintiff was allowed to do so, and his claims against Whitfield and Bailey proceeded past screening. (Doc. No. 12.) The Amended Complaint was not submitted on a section 1983 form and made no indication as to whether the Defendants were still being sued only in their official capacities or whether

personal capacity claims had been joined. (Doc. No. 13.) Defendants correctly argue that, where a complaint is silent as to capacity, I must interpret it to state only official capacity claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). Here, such claims proceed only against Mississippi County. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). In order to hold the county liable for any violation of his rights, Plaintiff must assert that some policy or custom of the county "played a part in the violation of federal law." *Id*. He has failed to do so.

Based on the foregoing, I recommend Defendants' Motion be granted. If Plaintiff intended to include personal capacity claims in his Amended Complaint, he may indicate as much in his objections.

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion to Dismiss (Doc. No. 30) be GRANTED.

2. Plaintiff's claims against Defendants Luther Whitfield and Octavious Bailey be DISMISSED without prejudice.

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 22nd day of December, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE